IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERASTUS JAMES MUMMERY )
)
v. ) NO. 3:12-0115
)
MONTGOMERY COUNTY JAIL, et al. )

TO: Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMENDATION

By Order entered January 30, 2012 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the Defendants' Motion for Summary Judgment (Docket Entry No. 36), to which the Plaintiff has filed a response in opposition (Docket Entry No. 46). For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

The Plaintiff is currently an inmate of the Tennessee Department of Correction who is confined at the Montgomery County, Tennessee Jail ("Jail"). The Jail houses both pre-trial detainees and convicted inmates. The Plaintiff filed this action pro se and in forma pauperis on January 27,

2012, seeking monetary and injunctive relief under 42 U.S.C. § 1983 for violations of his civil rights alleged to have occurred at the Jail. Named as defendants are the Jail, the now deceased former Montgomery County Sheriff Norman Lewis,[1] and Jail Captain Douglas Tackett. The Plaintiff's claims are based on events which occurred during his confinement at the Jail as a pretrial detainee from December 2011, to January 2012.[2]

The Plaintiff's first claim is that he did not receive adequate nutrition at the Jail. He alleges that his weight decreased by 18 pounds during the first 31 days of incarceration at the Jail and that he is hungry all the time. He asserts that, upon his complaints, the medical staff merely told him that he was in good health. See Complaint (Docket Entry No. 1), at 5.

The Plaintiff's second claim is that he was not protected from violence at the hands of other inmates at the Jail on two occasions. On the first occasion, he alleges that he was attacked by another inmate while being held in a holding cell with numerous other inmates who were awaiting transportation for court appearances. He contends that there was no supervision in the holding cell and that nothing was done after the attack because he was not bleeding. On the second occasion, he alleges that he was attacked by another inmate at the Jail who entered his cell when the Plaintiff's cell door was opened. The Plaintiff asserts that the inmate who attacked him was listed as an inmate who was incompatible with the Plaintiff. Id.

---

[1] On October 15, 2012, counsel for Defendant Lewis filed a suggestion of death upon the record stating that Lewis died on October 14, 2012. See Docket Entry No. 47.

[2] The Defendants state that the Plaintiff was brought to the Jail on December 16, 2011, on a probation violation and another charge and stayed at the Jail until he was released on bond on March 5, 2012. They contend that his underlying sentence of 8 and 1/2 years was reinstated on May 4, 2012, and he was returned to the Jail to serve that sentence. See Statement of Undisputed Facts (Docket Entry No. 38), at ¶¶ 1-3. The Complaint indicates that the events at issue occurred during the first 31 days after December 16, 2011. See Complaint, at 5.

2

The Plaintiff's third claim is that he was placed on lock down for 72 hours at the Jail and was denied visitation privileges for two weeks as punishment. He contends that his constitutional rights were violated because he was punished despite being a pre-trial detainee. Id.

By their motion for summary judgment, the Defendants contend that the Jail is not a proper defendant, that the undisputed evidence shows that the Plaintiff did not suffer a violation of his constitutional rights, and that, even if there were evidence supporting a constitutional violation, there is no evidence showing that any such violation was caused by a policy or custom of Montgomery County, Tennessee. In support of their motion, the Defendants rely on the affidavit of Lt. Daniel Armstrong (Docket Entry No. 40), the affidavit of Nurse Melinda Stephens (Docket Entry No. 41), and excerpts from the Plaintiff's deposition (Docket Entry No. 42).

In response, the Plaintiff submits an unsworn letter in which he contends that his entire deposition was not filed with the Court, that he has witnesses supporting his claims and made the Defendants aware of these witnesses during his deposition, and that he attempted to grieve his complaints at the Jail. See Docket Entry No. 46. The Plaintiff disputes that all inmates are given sufficient calories in the daily meals served at the Jail, contends that some items shown on the Jail menu are not actually served, and asserts that he goes to bed hungry at night. Id. The Plaintiff also asserts that the Defendants' own evidence shows that inmate Danner was listed as an incompatible inmate with the Plaintiff yet Danner was kept in the same housing pod as the Plaintiff. Id.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the

4

pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## III. CONCLUSIONS

A. 42 U.S.C. § 1983

42 U.S.C. § 1983 does not confer rights upon an individual. Instead, it is a vehicle to seek a remedy for violations of constitutional rights guaranteed elsewhere. Graham v. Conner, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). A Plaintiff proves a claim under Section 1983 by showing that: (1) the defendant was acting under color of state law; and (2) the defendant deprived the Plaintiff of rights secured by the United States Constitution or laws of the United States. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). There is no dispute that the Plaintiff has satisfied the "under color of state law" requirement.

B. Fourteenth Amendment Rights of a Pretrial Detainee

For the time period of the claims set out in the Plaintiff's complaint, he was held at the Jail as a pretrial detainee. Pretrial detainees are protected from mistreatment by the Due Process Clause

5

of the Fourteenth Amendment while convicted felons fall within the purview of the Eighth Amendment's prohibition of cruel and unusual punishment. City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). However, the Eighth Amendment's prohibition against cruel and unusual punishment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Heflin v. Stewart Cnty., Tenn., 958 F.2d 709, 714 (6th Cir. 1992); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985). Accordingly, claims brought by a pretrial detainee asserting inadequate medical care or unconstitutional conditions of confinement are analyzed under Eighth Amendment standards. See Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir. 1994); Horn v. Madison Cnty. Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994); Danese v. Asman, 875 F.2d 1239, 1243 (6th Cir. 1989).

C. The Jail as a Defendant

To the extent that the Jail has been named as a defendant to this action,[3] any claim brought against the Jail warrants dismissal. The Jail is a building and is simply not an entity capable of being sued. See Yates v. Maury Cnty. Jail, 2006 WL 3761938 (M.D. Tenn. Dec. 21, 2006) (Campbell, J.); Pianga v. Williamson Cnty. Jail, 2006 WL 618912 (M.D. Tenn. March 10, 2006) (Echols, J.).

---

[3] Although the Plaintiff does not list the Jail as a defendant in the body of his Complaint, see Docket Entry No. 1, at 4, he includes the Jail in the caption of the Complaint and he also returned a summons for the Jail. See Docket Entry Nos. 7 and 12.

D. Defendants Lewis and Tackett

The Plaintiff did not specify in his Complaint the capacity in which he sues Defendants Lewis and Tackett. See Docket Entry No. 1, at 4. Generally, in situations in which the capacity of a defendant is not specified in the complaint, the defendant is presumed to have been sued in only his official capacity unless the course of proceedings in the case indicates that the Plaintiff seeks to hold the defendant personally liable. See Shepherd v. Wellman, 313 F.3d 963, 967-68 (6th Cir. 2002); Moore v. City of Harriman, 272 F.3d 769, 772 (6th Cir. 2001) (en banc); Wells v. Brown, 891 F.2d 591, 592 (6th Cir. 1989).

Resolving this issue is not necessary because, even if the Plaintiff had specifically named the two defendants in their individual capacities, summary judgment would be warranted in favor of the defendants on individual liability claims. A defendant cannot be held individually liable under Section 1983 absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct, Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992), and a defendant's mere status as a supervisor cannot support personal liability because respondeat superior is not a basis for liability under section 1983. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Plaintiff's complaint is devoid of any allegations showing that Defendants Lewis or Tackett personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the alleged unconstitutional conduct, and he acknowledged in his deposition that the Defendants were sued only because of their supervisory positions at the Jail. See Docket Entry No. 42, at 32-33. As such, there is no basis for a claim of individual liability against Defendants Lewis and Tackett. See Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295,

300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989).

Accordingly, the only viable claims are claims against Defendants Lewis and Tackett in their official capacity. These claims are essentially claims against Montgomery County, the entity of which the Defendants are officers. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Monell, 436 U.S. at 691 n.55; Lambert v. Hartman, 517 F.3d 433, 440 (6th Cir.2008), cert. denied, 555 U.S. 1126, 129 S.Ct. 905, 173 L.Ed.2d 158 (2009) (civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).[4]

However, a municipality such as Montgomery County cannot be held liable simply because one of its employees committed a constitutional wrong. See Monell, 436 U.S. at 691; Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994). For Montgomery County to be found liable under Section 1983, the Plaintiff must set forth evidence that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Montgomery County. Monell, 436 U.S. at 690-91; Matthews, 35 F.3d at 1049. In short, there must be a direct causal link between an official policy or custom of Montgomery County and the constitutional violation at issue. Otherwise, there is no basis for a Section 1983 claim. See City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Doe v. Claiborne Cnty., Tenn., 103 F.3d 495, 507-09 (6th Cir. 1996).

---

[4] As noted supra at n.1, a suggestion of death has been filed for Defendant Lewis. Although the Plaintiff is entitled to move for substitution of the current Montgomery County Sheriff pursuant to Rule 25 of the Federal Rules of Civil Procedure, such a substitution is unnecessary because the official capacity claims against the current sheriff subsequent to substitution would essentially mirror the official capacity claims against Defendant Lewis and, for the reasons set out in this Report and Recommendation, the Court finds that the Plaintiff's official capacity claims should be dismissed.

After review of the evidence before the Court, the Court finds that summary judgment is warranted on the Plaintiff's official capacity claims. Initially, there is insufficient evidence before the Court showing that the Plaintiff's constitutional rights were violated. Further, the Plaintiff has not set forth any evidence supporting a municipal liability claim against Montgomery County. When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The Plaintiff has failed to satisfy this burden, and summary judgment should be granted to the Defendants.

Under the Eighth Amendment, the deprivation of life's necessities, such as food or water, can constitute a claim under the Eighth Amendment. See Dellis v. Corrections Corp. of Am., 257 F.3d 508, 512 (6th Cir. 2001). With respect to the Plaintiff's claim that meals served at the Jail are nutritionally inadequate, the Defendants have set forth evidence that the Plaintiff weighed 157.4 pounds upon his intake at the Jail, had periodic weight checks at the Jail, and weighed no less than 147 pounds at the time of any of these weight checks. See Affidavit of Stephens (Docket Entry No. 41), at 1-2, ¶7. The Defendants have also set forth evidence that the meals provided at the Jail meet standardized guidelines and are overseen by a registered dietician. See Affidavit of Armstrong (Docket Entry No. 40), at 2, ¶8. The Plaintiff has not set forth any affirmative evidence rebutting the Defendants' evidence or supporting a constitutional claim that he was provided with meals that were nutritionally insufficient to sustain his normal health. See Cunningham v. Jones, 567 F.2d 653 (6th

Cir. 1977). He has not shown that he was substantially deprived of food or shown the type of significant weight loss which is an indicia of inadequate nutrition. Cf. Ward v. Gooch, 2010 WL 4608292, *6 (E.D. Ky. Nov. 5, 2010) (evidence that inmate lost 68 pounds over 10 month period and received 200-700 calories a day for almost a year were sufficient to raise genuine issue of material fact). Merely losing a small amount of weight while being held in a jail does not evidence a constitutional violation. The Plaintiff's complaint that he is hungry and his unsupported assertion that some items shown on the menu are not always served are simply not sufficient to show that the meals served at the Jail were nutritionally inadequate and that Jail officials act with deliberate indifference to this inadequacy.

The Plaintiff's claim that his personal safety was at risk at the Jail is likewise unsupported by evidence which raises genuine issues of material fact requiring that the claim be heard by a jury. A violation of the Constitution may occur when prison guards fails to protect one inmate from violence at the hands of another inmate. See Farmer v. Brennan, 511 U.S. 825, 842-44, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Walker v. Norris, 917 F.2d 1449, 1453 (6th Cir. 1990). However, not every incident of inmate-on-inmate violence supports a claim of constitutional liability. Farmer, 511 U.S. at 834. For a viable Section 1983 claim, there must be a showing that a substantial risk of serious harm to the Plaintiff's safety existed, that the defendant knew of that harm, and that the defendant acted or failed to act in a manner which was deliberately indifferent to this substantial risk. Id. at 834-37; Greene v. Bowles, 361 F.3d 290, 294 (6th Cir. 2004). The Plaintiff has not satisfied this standard with sufficient evidence that requires that his failure to protect claim go to trial.

Even if the Court presumes as true that the Plaintiff was assaulted by another inmate while the inmates were held with other inmates in a holding cell awaiting transportation to court, the

Defendants have set forth evidence that a known risk to the Plaintiff's safety did not exist when he was placed in the holding cell. See Affidavit of Armstrong (Docket Entry No. 40), at 4, ¶ 16. The Plaintiff has not rebutted this evidence by providing evidence that anyone was aware or should have been aware that there was a substantial risk to his safety at the time he was placed in the holding cell. There is no evidence showing that the incident was anything other than a random and sporadic event, and no evidence upon which any reasonable jury could conclude that there was a substantial risk of serious harm merely because the Plaintiff was placed in a holding cell with several other inmates.

The Plaintiff's allegation that he was attacked by an inmate who was known to be a risk to the Plaintiff and was listed as an incompatible inmate comes closer to supporting a claim for trial but still falls short for evidentiary reasons. Even if the Court assumes for the purposes of resolving the summary judgment motion that this incompatible inmate posed a substantial risk of serious harm to the Plaintiff, the Plaintiff has not set forth evidence that prison officials acted with deliberate indifference to this risk as is required for a constitutional claim. The Plaintiff must show "more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511U.S. at 835. The Defendants have set forth evidence that the Plaintiff was kept in protective custody at the Jail at the time in question and that the other inmate was noted in Jail records as being incompatible with the Plaintiff. See Affidavit of Armstrong (Docket Entry No. 40), at 2, ¶ 10. However, there is a dearth of evidence before the Court regarding what happened on the day in question, and the Plaintiff has not set forth evidence showing that anything other than negligence was the cause of the incompatible inmate having access to the Plaintiff's cell on the day in question. This level of proof is not sufficient to support a constitutional claim. See Farmer, 511 U.S. at 835-36; Gibson v. Foltz, 963 F.2d 851, 853-54 (6th Cir. 1992). For the Court to conclude anything more than negligence is pure speculation.

Furthermore, even if there were evidence supporting a showing of deliberate indifference by individual jail officers, there is no evidence before the Court showing that a policy or custom of Montgomery County was the moving force behind any constitutional violation.

The Plaintiff's final claim is that he was denied visitation for a period of approximately two weeks while at the Jail. Even if true, this allegation simply fails to support a constitutional claim. There is no absolute constitutional right to visitation for those held in custody, and limitations on visitation may be imposed as necessary to meet penological objectives. See Bellamy v. Bradley, 729 F.2d 416, 419-20 (6th Cir. 1984); King v. Caruso, 542 F.Supp.2d 703, 714-15 (E.D. Mich. 2008). The Defendants have set forth undisputed evidence that the Plaintiff's visitation privileges were denied for a period of only two weeks as a Jail disciplinary measure and pursuant to the established policy at the Jail. See Statement of Undisputed Material Facts (Docket Entry No. 38), at ¶¶ 35-39. The Plaintiff is not exempt from the rules and policies at the Jail merely because he is a pre-trial detainee, see Block v. Rutherford, 468 U.S. 576, 583-84, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984), and there is no evidence that the Plaintiff was arbitrarily singled out for a visitation restriction solely because of his status as a pretrial detainee. Accordingly, the Plaintiff's brief denial of visitation privileges fails to raise a constitutional concern.

## RECOMMENDATION

The Court respectfully RECOMMENDS that the Defendants' Motion for Summary Judgment (Docket Entry No. 36) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        JULIET GRIFFIN
        United States Magistrate Judge