UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ERASTUS JAMES MUMMERY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:12-cv-0115 |
| v. | ) | |
| | ) | Judge Sharp |
| MONTGOMERY COUNTY JAIL, *et al.*, | ) | Magistrate Judge Griffin |
| | ) | |
| Defendants. | ) | |

# ORDER

*Pro se* Plaintiff Erastus James Mummery is currently an inmate of the Tennessee Department of Correction, who is confined at the Montgomery County, Tennessee Jail ("Jail"). The Jail houses both pre-trial detainees and convicted inmates. Plaintiff filed this claim on January 27, 2012, against the Jail, the now deceased former Montgomery County Sheriff Norman Lewis[1], and Jail Captain Douglas Tackett. Plaintiff seeks monetary and injunctive relief under 42 U.S.C. § 1983 for violations of his civil rights alleged to have occurred at the Jail. (Docket Entry No. 1 at 1). Specifically, Plaintiff alleges (1) he did not receive adequate nutrition at the Jail; (2) he was not protected from violence at the hands of other inmates at the Jail on two occasions; and (3) he was placed on lock down for 72 hours at the Jail and was denied visitation privileges for two weeks as punishment. (*Id*. at 5).

On September 24, 2012, Defendants filed a Motion for Summary Judgment (Docket Entry No. 36). Defendants claim that the Jail is not a proper defendant, that the undisputed evidence shows that Plaintiff did not suffer a violation of his constitutional rights, and that, even if there were evidence supporting a constitutional violation, there is no evidence showing that

---

[1] On October 15, 2012, counsel for Defendant Lewis filed a suggestion of death stating that Lewis died on October 14, 2012. *See* (Docket Entry Nos. 47 and 48 at fn 1).

1

any such violation was caused by a policy or custom of Montgomery County, Tennessee. *See* (*Id.*).

In response, Plaintiff submitted an unsworn letter, wherein he contends that his entire deposition was not filed with the Court, that he has witnesses supporting his claims and made Defendants aware of these witnesses during his deposition, and that he attempted to grieve his complaints at the Jail. (Docket Entry No. 46 at 1). Plaintiff disputes that all inmates are given sufficient calories in the daily meals served at the Jail, contends that some items shown on the Jail menu are not actually served, and asserts that he goes to bed hungry at night. (*Id.* at 2-3). Plaintiff also asserts that Defendants' own evidence shows that inmate Jason Danner ("Danner") was listed as an incompatible inmate with Plaintiff yet Danner was kept in the same housing pod as Plaintiff. (*Id.*); *see* also (Docket Entry No. 48 at 3).

The Magistrate Judge entered an exhaustive Report and Recommendation ("R & R") (Docket Entry No. 48) in this case on November 30, 2012, recommending Defendants' Motion for Summary Judgment "be GRANTED and that this action be DISMISSED WITH PREJUDICE." The Magistrate Judge further recommended that "any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith." (*Id.* at 12). No objections were made to the R & R.

Where no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b). Having thoroughly reviewed the record in this case and the applicable law in accordance with Rule 72(b), the Court will accept the R & R.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 48) is hereby ACCEPTED and APPROVED;

(2) Defendants' Motion for Summary Judgment (Docket Entry No. 36) is hereby GRANTED;

(3) This case is hereby DISMISSED WITH PREJUDICE; and

(4) Any appeal of this action will NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE